UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MELVIN DOVE,

                          Petitioner,

            v.                                  9:05-CV-1524
                                                      (TJM)(DEP)

UNITED STATES OF AMERICA,

                          Respondent.

---

APPEARANCES:

MELVIN DOVE
Petitioner, *pro se*

THOMAS J. McAVOY, SENIOR JUDGE

## DECISION and ORDER

Presently before the Court for consideration is a petition from *pro se* petitioner Melvin Dove seeking a writ of audita querela to correct his sentence. Dkt. No. 1.

Petitioner pleaded guilty to two counts of a multi-count indictment charging petitioner and others with arson and attempted arson and was sentenced in July, 1997 to a term of 240 months imprisonment. Dkt. No. 1 at 1. Petitioner now seeks relief from his sentence, claiming that it was imposed in violation of *United States v. Booker*, 543 U.S. 220 (2005), because the U.S. Sentencing Guidelines were construed as mandatory by the trial court. *Id*. at 2-6.

The common law writ of audita querela has been defined as "a means of attacking a judgment that was correct at the time rendered but which is rendered infirm by matters which arise after its rendition." *United States v. Sperling*, 2003 WL

21518359 * (S.D.N.Y. June 27, 2003) *quoting United States v. Reyes*, 945 F.2d 862, 863 n. 1 (5th Cir. 1991).[1] In *Triestman v. United States*, 124 F.3d 361, 380 & n. 24 (2d Cir. 1997) the United States Court of Appeals for the Second Circuit noted that the writ of audita querela might be available to provide habeas corpus relief "when the remedy by motion [pursuant to 28 U.S.C. § 2255] is inadequate or ineffective to test the legality of detention."

While this common law writ might be available in certain extraordinary circumstances, it is not available to petitioner in this case. The Second Circuit has held that "Booker is not retroactive, i.e., it does not apply to cases on collateral review where the defendant's conviction was final as of January 12, 2005, the date that Booker issued." *Guzman v. United States*, 404 F.3d 139, 144 (2d Cir. 2005). Thus, petitioner is not caught in a gap between remedies that may be filled by the use of a common law writ; rather, he is absolutely barred from presenting his claim because the Supreme Court's holding in *Booker* does not apply to his conviction and sentence. In short, *Booker* cannot be used to find petitioner's sentence illegal no matter what form his petition for relief takes. *See Tobias v. United States*, 2006 WL 287197 (D.Conn. Feb. 7, 2006) (audita querela not available to raise *Booker* challenge to sentence imposed in 2000).

WHEREFORE, it is hereby

ORDERED, that the petition for writ of audita querela filed by petitioner (Dkt. No. 1) is denied and dismissed, and it is further

---

[1] By contrast, the writ of error coram nobis is used "to attack a judgment that was infirm, for reasons that later came to light, at the time it was rendered...." *Id.*

ORDERED, that the Clerk serve a copy of this Order on the petitioner.

IT IS SO ORDERED.

DATED: March 29, 2006

Thomas J. McAvoy
Senior, U.S. District Judge